■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. FRANK E. BURKE et al., Plaintiffs, v AMERICAN REFRACTORIES Co. et al., Defendants. PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Third-Party Plaintiff-Respondent, v JFK INTERNATIONAL AIR TERMINAL LLC et al., Third-Party Defendants, and BRITISH AIRWAYS, PLC, Third-Party Defendant-Appellant. [802 NYS2d 360]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered April 20, 2005, which, in an action against defendant and third-party plaintiff-respondent for personal injuries allegedly caused by exposure to asbestos dust carried home by plaintiff's father, denied third-party defendant-appellant's motion to dismiss the third-party complaint for noncompliance with the case management order governing this action, unanimously affirmed, without costs.

Third-party plaintiff's failure to file the third-party complaint by the deadline contained in the case management order did not

cause third-party defendant prejudice and was properly disregarded (CPLR 2004). Had third-party plaintiff properly moved for permission to serve the third-party complaint five months after the deadline, instead of unilaterally serving it, such motion would likely have been granted. Certainly, no matter how expedited the protocols applicable to these cases placed in the "In Extremis Trial Cluster," there can be no final disposition of this action until there has been a decision in the still pending appeal to the Court of Appeals in *Matter of New York City Asbestos Litig.* (14 AD3d 112 [1st Dept 2004], *lv granted* 2005 NY App Div LEXIS 1332 [2005]). Concur—Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.